**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO CHAVEZ-FLORES, | No. 14-71227 |
| Petitioner, | Agency No. A205-320-736 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Ricardo Chavez-Flores, a native and citizen of Mexico, petitions for the

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for review.

The record does not compel the conclusion that Chavez-Flores established extraordinary or changed circumstances to excuse his untimely asylum application.  *See* 8 C.F.R. §§ 1208.4(a)(4), (5).  Thus, we deny the petition as to Chavez-Flores' asylum claim.

The BIA denied Chavez-Flores' withholding of removal claim on the ground that Chavez-Flores could relocate within Mexico.  Substantial evidence supports this finds.  *See* 8 C.F.R. §§ 1208.16(b)(1)(i)(B), (b)(3); *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003) (substantial evidence supported finding that presumption of future persecution was rebutted).  Accordingly, we deny the petition as to Chavez-Flores' withholding of removal claim.

Finally, substantial evidence supports the agency's denial of Chavez-Flores' CAT claim because he did not establish it is more likely than not he would be tortured if returned to Mexico.  *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**